

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2006

# USA v. Pearson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Pearson" (2006). *2006 Decisions.* Paper 1108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-2583

———————

UNITED STATES OF AMERICA

v.

BRIAN LAMAR PEARSON,
Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 04-cr-0433)
District Judge:  Hon. Timothy Savage

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2006

BEFORE:  AMBRO and STAPLETON, Circuit Judges,
and STAGG,* District Judge

(Opinion Filed May 15, 2006  )

———————

* Hon. Tom Stagg, United States District Judge for the Western District of Louisiana,
sitting by designation.

OPINION OF THE COURT

STAGG, District Judge:

On June 25, 2003, Detective Gregory P. Macey ("Detective Macey"), a member of the Lancaster County Police Department, applied for a search warrant to search a vehicle owned by the Appellant, Brian Pearson ("Pearson"). Detective Macey's search warrant application provided a description of Pearson's vehicle, a 2002 Chevrolet Impala, along with the license plate and vehicle identification numbers. The application proposed to search for controlled substances, assets, paraphernalia or materials related to the use or sale of a controlled substance, and documentation evidencing ownership of the vehicle. In applying for the search warrant, Detective Macey submitted an affidavit of probable cause which detailed his extensive training and experience and set forth information regarding Pearson's drug activities. The affidavit stated that during May of 2003, Detective Macey had spoken with a confidential informant ("C.I. #1"), whose prior tips in other cases had led to two arrests for drug violations, as well as two seizures of controlled substances. C.I. #1 asserted that Pearson sold cocaine out of his vehicle, which was described as a silver, four door, 2002 Chevrolet Impala. The informant's basis of knowledge stemmed from his own involvement in a drug purchase, during which Pearson sold the informant

drugs from the Impala.

The affidavit further explained that during that same month, Detective Macey spoke with a second confidential informant ("C.I. #2"), whose prior information to the police had resulted in at least three arrests and convictions, as well as three seizures of controlled substances. C.I. #2, who accurately described Pearson's vehicle, confirmed that Pearson sold cocaine from his Impala. His basis of knowledge stemmed from his own purchase of drugs from Pearson.

To confirm the informants' tips, Detective Macey located the Impala and verified that it was registered to Pearson. He then showed a photograph of Pearson to C.I. #1, who identified Pearson as the man from whom he had purchased drugs during May of 2003.

Detective Macey then orchestrated a controlled purchase of cocaine from Pearson in which C.I. #1 bought cocaine from Pearson --which Pearson sold from his vehicle. After that transaction, C.I. #1 relayed to Detective Macey a statement by Pearson "that additional quantities of cocaine were available for sale . . . ." Appellant's Appendix Vol. II at 39a. Based upon all of this information, Magistrate Judge Richard H. Simms issued a search warrant for Pearson's vehicle.

The search of Pearson's vehicle was executed on June 27, 2003, wherein officers discovered 129.9 grams of cocaine base, a digital pocket gram scale, drug packaging material, and a loaded firearm. At the time of the search, Pearson's vehicle was located

3

within 1,000 feet of a middle school.

A grand jury returned a three count indictment against Pearson, charging him with possession with intent to distribute 129.9 grams of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (count one), possession with intent to distribute 129.9 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count three). Prior to trial, Pearson moved to suppress the evidence obtained during the search of his car. Following a suppression hearing, the district court denied the motion. Pearson then entered a guilty plea to counts one and three, but retained his right to appeal the district court's denial of his motion to suppress.

Pearson was sentenced to 180 months imprisonment and a ten year term of supervised release. He then filed this appeal.

A.    **Standard Of Review.**

The district court had subject matter jurisdiction under 18 U.S.C. § 3231, and this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion to suppress for clear error as to the underlying factual determinations and exercise plenary review over the district court's application of the law to those facts. See United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005). However, we must "exercise a deferential review of the magistrate's initial probable cause determination." United States v. Ritter, 416 F.3d 256, 261 (3d Cir. 2005).

**B.     Discussion Of Law.**

The Fourth Amendment provides that no valid warrant may be issued absent probable cause.  See U.S. Const. amend. IV.  A magistrate judge may determine that probable cause exists "when, viewing the totality of the circumstances, 'there is a fair probability that . . . evidence of a crime will be found in a particular place.'"  United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars And Fifty-Seven Cents ($92,422.57), 307 F.3d 137, 146 (3d Cir. 2002) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983)).  When an appellate court reviews a finding of probable cause, it must uphold the issuance of the warrant if the issuing judge had a "substantial basis" for determining that probable cause existed.  See Gates, 462 U.S. at 236, 103 S. Ct. at 2331; see also United States v. Jones, 994 F.2d 1051, 1054 (3d Cir. 1993).  Essentially, an issuing judge, making a practical and common sense determination, need only decide whether it is "reasonable to seek the sought-after objects in the place designated in the affidavit; a court need not determine that the evidence is in fact on the premises."  Ritter, 416 F.3d at 263.  Furthermore, the "resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."  United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001) (quoting Jones, 994 F.2d at 1057-58).

Pearson contends that the district court erroneously denied his motion to suppress

5

because the affidavit supporting the warrant "lacked probable cause and lacked evidence of reliability of the two confidential informants." Appellant's Brief at 9. The government contends that the warrant was supported by probable cause and that, in any event, the good faith exception articulated by the Supreme Court in United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1984), is applicable.

Pearson's arguments lack a legal foundation. He first contends that "[n]owhere in the affidavit is it set forth that the affiant, or any other law enforcement officer, ever observed Mr. Pearson actually selling cocaine"[1] and second, that the affidavit lacked evidence of the informants' reliability. Appellant's Brief at 11-12. However, direct evidence of a crime is not required for the issuance of a search warrant. See United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002). Indeed, as the Supreme Court explained in Aguilar v. Texas, an affidavit "need not reflect the direct personal observations of the affiant." Aguilar v. Texas, 378 U.S. 108, 114, 84 S. Ct. 1509, 1514 (1964). Probable cause is present so long as the "veracity" and "basis of knowledge" of persons supplying hearsay information provide a fair probability, under the totality of the circumstances, that evidence of criminal activity will be discovered in a certain place. See Gates, 462 U.S. at 238, 103 S. Ct. at 2332. Here, there was a substantial amount of

---

[1] The government contends that although the affidavit does not explicitly state that Detective Macey personally observed the controlled purchase between Pearson and C.I. #1, such a conclusion is necessarily implied because the entire purchase was orchestrated under Detective Macey's direction and control. A resolution of this factual dispute is not necessary.

6

evidence from which Magistrate Judge Simms could conclude that drugs could be found inside Pearson's vehicle. Both confidential informants accurately described Pearson's vehicle, from which he was selling drugs. Furthermore, both informants had very recently purchased drugs from Pearson out of his vehicle. In addition, C.I. #1 positively identified a picture of Pearson. These facts demonstrate that the informants had a sufficient basis of knowledge. More importantly, Detective Macey verified the informants' tips during the controlled drug transaction.

The veracity of the confidential informants was also sufficient. Indeed, the warrant application explains that each informant had provided accurate tips in the past, with his information resulting in various arrests and convictions. Therefore, Magistrate Judge Simms was equipped with the requisite "substantial basis" for concluding that probable cause existed. As the district court correctly determined at Pearson's suppression hearing, the "information presented to the magistrate was reliable and had been independently corroborated by the police." Appellant's Appendix Vol. I at 6a. Because we determine that the warrant was supported by probable cause, we need not address whether the search was valid pursuant to Leon's good faith exception. Accordingly, we agree with the district court's opinion below and will affirm the judgment of the district court.